UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cause No. 1:10-CR-58 WCL |
| | ) |
| KEVIN D. STEPHENS | ) |

**OPINION AND ORDER**

Before the Court is Defendant Kevin D. Stephens's ("Stephens'") *pro se* motion captioned "Motion 12(c)" (DE 45) filed on June 26, 2014. The Government responded on July 9, 2014 seeking a stay of any proceedings in this Court due to the pendency of an appeal Stephens filed on June 2, 2014. (DE 47 referencing DE 42). Subsequently, on September 22, 2014, the Seventh Circuit Court of Appeals issued its mandate wherein in dismissed Stephens's appeal for lack of prosecution. Accordingly, Stephens's "Motion 12(c)" is presently before the Court. For the following reasons, the Court construes Stephens's "Motion 12(c)" as a motion pursuant to 28 U.S.C. §2255 and that motion will be DENIED.

**DISCUSSION**

On July 28, 2010, Stephens was charged in a two count Indictment with violations of 21U.S.C. 841(a)(1) distribution of more than 5 grams but less than 50 grams of a schedule II controlled substance, to wit: cocaine base "crack". (DE 1) For each count charged, Stephens was facing a term of imprisonment of not less than 5 years and not more than 40 years. (DE 2) Stephens ultimately pled guilty to Count 1 in a written plea agreement filed with the Court. (DE 20)[1] As part of his plea agreement, Stephens expressly agreed to the following waiver provisions:

---

[1] In his plea agreement, Stephens acknowledged that the government could have filed an enhancement under 21 U.S.C. §851 and had agreed to an upward variance to a binding sentence of 100 months unless he was found to be a career offender in which case the binding agreement would not apply. (DE 20)

> I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(DE 20, Plea Agreement ¶8(f)). His plea of guilty was accepted, he was adjudged guilty and Count 2 was dismissed at sentencing. (DE 23, 24, 31)

The amount of cocaine base "crack" involved in Stephens' offense was 15.05 grams. However, Stephens was determined to be a Career Offender pursuant to U.S.S.G. §4B1.1(b)(B) and his offense level was set at 34. He received a three level reduction for acceptance of responsibility and his total offense level was 31. With a criminal history category of VI, he was facing an advisory sentencing guideline range of 188 to 235 months imprisonment. Sentencing occurred on March 14, 2011 and Stephens received the low end of the range, 188 months. (DE 31).

Subsequently, on March 17, 2014, Stephens sought relief from his sentence pursuant to 18 U.S.C. §3582(c)(2) wherein he asserted that his sentence should be modified under the Fair Sentencing Act ("FSA") of 2010, Pub.L. No. 111–220, 124 Stat. 2372 (2010), and Amendment 750 of the United States Sentencing Guidelines.[2]

After reviewing Stephens §3582(c)(2) motion, the undersigned denied it because Stephens was sentenced as a career criminal offender. As a result, his sentence was not "based on" a range that Amendment 750 subsequently lowered for purposes of a §3582(c)(2) motion. Stephens then

---

[2] The FSA statutorily changed the threshold quantities of cocaine base, or "crack cocaine," that trigger mandatory minimum sentences under 21 U.S.C. §841(b) and directed the Sentencing Commission to amend the Guidelines to reflect these new levels "as soon as practicable." In response, the Sentencing Commission promulgated Amendment 750, which adjusted the base offense level assigned to each threshold quantity of crack cocaine and had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1.

filed a Notice of Appeal which, as noted above, was dismissed for lack of prosecution on September 22, 2014.

While his appeal was pending, Stephens filed the present motion. In his motion, Stephens states that the basis for his petition is "for the purpose of Habeas Corpus ... Pursuant to Rule 12(c)." Stephens then goes on to assert as grounds for his motion that "Petitioner believes he should not have been sentenced as a Career Criminal considering the time frame in which those charges were committed and some of those priors should not have been used against Petitioner." (DE 45, ¶2). Stephens further indicates he "wishes to reserve the opportunity to have access to the courts in light of *Alleyne v. United States,* [133 S.Ct. 2151 (2013)]*, Harris v. United States,* 536 U.S. 545 (2002) and *Descamps v. United States,* [133 S.Ct. 2276 (2013)]..."(DE 45, ¶3).

As a general rule, "it is the substance of the petitioner's motion that controls how his request for relief shall be treated." *United States v. Carraway,* 478 F.3d 845, 848 (7th Cir.2007). Here, despite the caption,[3] it appears that Stephens is seeking to challenge the imposition of his sentence. This claim falls squarely within the ambit of 22 U.S.C. §2255. Any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion. *United States v. Evans,* 224 F.3d 670, 672 (7th Cir.2000); *see also United States v. Lloyd,* 398 F.3d 978, 980 (7th Cir.2005). As a result, the court construes Stephens motion to be an attempt to file a petition under 28 U.S.C. §2255.

Unfortunately for Stephens, however, this construction is fatal to his request for relief. As set out above, Stephens expressly waived his right to file a §2255 petition in his plea agreement.

---

[3]The Court is at a loss as to what Stephens means by a motion pursuant to rule 12(c). The Court has reviewed the rules involving habeas petitions, the Fed.R.Crim.P. and the Fed.R.Civ.P. and can find no authority for such a motion.

He received substantial benefits in exchange for his agreement to the waiver and the other provisions of the plea agreement, including the government's agreement not to seek increased statutory penalties, to recommend that he receive an additional reduction in his offense level for his acceptance of responsibility, and to dismiss the remaining count against him.

Plea agreements, although they are unique in the sense that they are negotiated, executed, approved, and enforced in the context of a criminal prosecution that affords the defendant a due process right to fundamental fairness, are contracts nonetheless. *See, e.g., United States v. Bryant,* 750 F.3d 642, 649 (7th Cir.2014); *United States v. Munoz,* 718 F.3d 726, 729 (7th Cir.2013); *United States v. Schilling,* 142 F.3d 388, 394–95 (7th Cir.1998). They should be interpreted, therefore, according to their terms. *United States v. Hernandez,* 544 F.3d 743, 750–51 (7th Cir.2008). Thus, when the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights and his rights to file post-conviction motions, and the terms of that waiver are express and unambiguous, the Court will enforce those terms. *E.g., United States v. Quintero,* 618 F.3d 746, 751 (7th Cir.2010). In this case, there is no question but that the terms of the waiver are express and unambiguous, see *United States v. Smith,* 759 F.3d 702, 706 -707 (7th Cir. 2014) (construing language identical to that which Stephens agreed to in his plea agreement and stating "the waive could not be more clear.").

That said, even if he hadn't expressly waived his rights to file for post-conviction relief, Stephens has yet another hurdle to surpass; he is time-barred from asserting his §2255 claim. Section 2255(f) provides for a one-year statute of limitations and specifies four kinds of events that open new one-year periods. Section 2255(f)(1) required Stephens to file his §2255 within a year of the date on which his judgment of conviction became final. Stephens judgment became final in 2011 and he failed to pursue relief until June, 2014.

Likewise, Section 2255(f)(3), the only other provision that might apply, gives a prisoner one additional year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In his filing, Stephens relies upon three Supreme Court cases. However, one of the cases he cites, *Harris v. United States* was expressly overruled by the Supreme Court when it decided *Alleyne v. United States.* Moreover, the remaining two cases Stephens cites, *Alleyne* and *Descamps v. United States*, have not been made retroactive to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) (concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive); *Groves v. United States,* 755 F.3d 588 (7th Cir. 2014 ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review."). As a result, § 2255(f)(3) does not apply to extend the statute of limitations.

## CONCLUSION

Stephens's "Motion 12(c)" (DE 45) is deemed to be a petition pursuant to 28 U.S.C. §2255. Further, because he waived his post-conviction rights in his plea agreement, and even if he hadn't, his claims are time-barred under §2255(f), Stephens motion is DENIED.

Entered: This 5th day of November 2014.

s/ William C. Lee
United States District Court